CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Zarian**,<br><br>       Plaintiff,<br><br>   v.<br><br>**Samir Rustam,** in his individual and representative capacity as trustee of the Newman Trust Dated April 8, 2010;<br>**Cecilia Rustam,** in her individual and representative capacity as trustee of the Newman Trust Dated April 8, 2010;<br>**Rasikbhai Nagardas Patel**; and Does 1-10,<br><br>       Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Samuel Zarian complains of Defendants Samir Rustam, in his individual and representative capacity as trustee of the Newman Trust Dated April 8, 2010; Cecilia Rustam, in her individual and representative capacity as trustee of the Newman Trust Dated April 8, 2010; Rasikbhai Nagardas Patel; and Does 1-10 ("Defendants") and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He suffers from muscular dystrophy, cannot walk and uses a wheelchair for mobility.

2. Defendants Samir Rustam and Cecilia Rustam, in their individual and representative capacities as trustee, owned the real property located at or about 21500 Sherman Way, Canoga Park, California, in January 2016.

3. Defendants Samir Rustam and Cecilia Rustam, in their individual and representative capacities as trustee, own the real property located at or about 21500 Sherman Way, Canoga Park, California, currently.

4. Defendant Rasikbhai Nagardas Patel owned the West End liquor store ("Store") located at or about 21500 Sherman Way, Canoga Park, California, in January 2016.

5. Defendant Rasikbhai Nagardas Patel owns the West End liquor store ("Store") located at or about 21500 Sherman Way, Canoga Park, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to

Complaint

28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Store in January 2016 to shop.

11. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages offered by defendants to customers who visit the Store.

13. Unfortunately, there was not a single compliant, accessible parking space in the parking lot for use by persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) in January 2016.

14. There is currently no compliant, accessible parking space that complies with the ADAAG today.

15. Plaintiff alleges, on information and belief, that defendants used to have parking spaces reserved for persons with disabilities prior to January 2016.

16. Unfortunately, the defendants had no policy or procedure in place to maintain its parking spaces so that they remained compliant and useable for persons with disabilities prior to January 2016.

Complaint

17. The defendants have no policy or procedure in place to maintain its parking spaces so that they remain compliant and useable for persons with disabilities currently.

18. The plaintiff personally encountered this problem.

19. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

20. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violation.

21. Plaintiff lives less than three miles from this Store.

22. The Store is conveniently located.

23. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

Complaint

26. Plaintiff is and has been deterred from returning and patronizing the Store because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the Store to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

27. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

30. Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at least one handicap parking space that is van accessible (having an eight foot access aisle).

31. Here, the defendants did not provide a single compliant, useable accessible parking space in its parking lot.

32. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

33. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

34. Given its location and options, plaintiff will continue to desire to patronize the Store but he has been and will continue to be discriminated

Complaint

against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: February 17, 2016    CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint